*427 OPINION of the Court, by
Judge Clark.
-This was an action of detinue, brought by John P. Booker, in the Jefferson circuit court, against Ann Denny, for a negro girl slave, named Rachael. Plea that the slave was ia the possession of, and belonged to Edward Benny, at the time of his death, and that she had taken out letters of administration of the estate, and held the negro by virtue thereof ; i'-sue and verdict and judgment for the plaintiff in the court below : from which Denny has appealed to this court.
The assignment of errors presents several questions for the consideration ot the court. The first is, that the court erred in not granting a continuance of the cause on the application of the plaintiff for that purpose.
At the term preceding the one at which the suit was tried, on the application of the plaintiff a dedimus was .awarded her, to take the deposition of Mrs. ——,——- Burckhart and James Richardson.. These depositions had not been taken, on account of which the motion for the continuance was made. What was expected to be proven by these witnesses is not stated ; we are unable therefore to say whether she would have been bene&tted by their testimony or not. To prevent unnecessary delay in the administration of justice, a party applying lor a continuance should ia all cases where *428 the witness resides out of the state, set forth explicitly in bis affidavit what he expects to prove, and that he will be able at a subsequent term to procure the testimony— See the cases Letcher, &c. vs. Sterling, vol. 1, 433, and Simms vs. Alcorn, vol. 1, 348—Singleton vs. Carr, 554—Carr and ux vs. Marshall, 365. The witnesses above mentioned, as appears from the affidavit made for the continuance, lived out of the state, so that if the affidavit was in other respects sufficient (which we think is not the case) the court did right in overruling the motion.
If the ver-diet finch the iubftance of the iflfue, it is the duty of the court to mould it into form— Acc. voi. I, Warfcrd njs. libel, 251 — Crazier ⅞/j* Ga~ ⅞57*
The second is, the court erred in refusing to permit the counsel for the plaintiff in error to open and conclude the argument. It is a ride of practice that the person holding the affirmative of a proposition has the right to open and conclude the argument, and if this right is withheld, it is said in the case of Churchhill vs. Rogers, Hard. Rep. 184, tobe error. But it is not conceived that a party by pleading affirmatively what only amounts to the negative of the issue can acquire this right. The plea filed by the plaintiff in error, is in reality nothing more than the general issue of non de-tinet, and would on that account have been bad on demurrer. It did not release the plaintiff below from proving title to the slave, nor was the burthen on the defendant thereby increased.
The third is, the court erred in deciding that James Denny, a witness offered by the defendant below, was an incompetent witness. The defendant in the court below claimed the negro as belonging to the estate of Edward Denny, deceased, of which she was adminis-tratrix, James Denny was a distributee of that estate, and had evidently an interest in the event of the suit. Had the defendant in the .court below succeeded in the suit, it would have increased his distributable share, when on the contrary the loss of the suit would have diminished it. He was therefore incompetent, and his evidence properly rejected.
The fourth is, the court erred in refusing to instruct the jury as in case of a nonsuit, the action being against her in her own right and not as adminis-tratrix. We cannot at this time bring to our recollee-: tion any case where it has been in so many words decided, that aa action of detinue -rill not lie against■£» - *429 executor or administrator as such ; but from the nature of the action we are inclined to think such is the law. The action may be brought against any person who has the possession of, and detains the property. The recovery is of the thin;', and damages tor its detention. The defendant in the court below was liable out of her own estate and not the estate of the deceased. If we are correct in our idea upon this subject, it is an answer to that assignment of error which questions the correctness of the judgment in being against the defendant in her individual, and not her fiduciary capacity.
The only remaining error which requires our consideration is, “ that the verdict was too defective to warrant a judgment thereon.” The verdict, though a little informal, is substantially correct, and sufficient to warrant a judgment thereon. Where the meaning of the jury can be clearly collected from the verdict, it ought not to be set aside for irregularity, or want of form in its wording : for the court will mould it into form, according to the real justice of the ease.
Judgment affirmed with costs and damages on the damages found by the jury.